UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELTA ECOMMERCE LLC, et al., | Case No. 25-cv-07069-NW |
| Plaintiffs, | |
| v. | **ORDER FOLLOWING MARCH 19, 2026 HEARING** |
| TEJEDA INC., et al., | Re: ECF No. 51, 53 |
| Defendants. | |

United States District Court
Northern District of California

This Order supplements the Court's rulings on the record at the March 19, 2026 Hearing.

Plaintiffs Delta Ecommerce LLC d/b/a Sky & Sol and Max Medroso (collectively, "Plaintiffs") filed this action on August 20, 2025, against a number of named and Doe Defendants alleging a far-reaching conspiracy to steal and illegally resell stolen goods. ECF No. 1. Two days later on August 22, Plaintiffs filed an amended complaint that removed certain named Defendants but otherwise appears to have made no other amendments.[1] ECF No. 3. On November 21, 2025, Plaintiffs filed a second amended complaint ("SAC") that added at least a dozen new Defendants, including 232 Technologies Inc. ("232"). ECF No. 19. At no point did Plaintiffs request leave from the Court to file their SAC, which was the third version of their complaint.

After Plaintiffs and 232 stipulated to an extension for 232 to respond to the SAC, *see* L.R. 6-1(a), 232 timely moved to dismiss the SAC on February 9, 2026. Plaintiffs did not file an oppositon to any of the arguments set forth in 232's motion. Instead, on February 23, 2026, Plaintiffs filed a two-page "Notice of Intent" informing the parties and the Court that they

---

[1] Plaintiffs did not file a redline of the differences between the original complaint and the amended complaint so the Court is unaware whether Plaintiffs amendment changed more than named Defendants in this action.

intended to file a third amended complaint ("TAC") that addressed arguments raised in 232's motion to dismiss. ECF No. 46. To be clear this would be the fourth time Plaintiffs apparently expected to amend their complaint without leave of Court and without a stipulation by Defendants. Plaintiffs argued that they were entitled to amend under Rule 15(a)(1)(B). *Id.* While Plaintiffs acknowledged that 232 disputed their interpretation of Rule 15, Plaintiffs insisted that the 2009 Advisory Committee Notes confirmed their reading.[2] *Id.*

The Rule governing amended pleadings is Federal Rule of Civil Procedure 15. The relevant portion of the rule provides:

> (a) Amendments Before Trial.
>
> (1) *Amending as a Matter of Course*. A party may amend its pleading once as a matter of course no later than:
>
> (A) 21 days after serving it, or
>
> (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier.
>
> (2) *Other Amendments*. In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed. R. Civ. P. 15. The rule does not equivocate depending on the number of parties or the status of service. The Rule does include constraints as to *when* a party may file its amended pleading to make use of subsection (a)(1)—no later than either 21 days after service *or* 21 days after the opposing party responds to a pleading. But regardless of the *when*, a party is only entitled to amend his pleading "once as a matter of course." At this point, as noted above, Plaintiffs had filed three versions of their complaint and were planning to file a fourth even though Defendants had timely filed a motion to dismiss.

Plaintiffs were entitled to file their first amended complaint. They were not entitled to file

United States District Court
Northern District of California

---

[2] The 2009 Advisory Committee Notes do not support Plaintiffs' interpretation. In those notes, the Committee explained that the recent change to the rule confirmed that "[t]he right to amend once as a matter of course [wa]s no longer terminated by service of a responsive pleading." But a responsive pleading, meaning an answer or a response to a counterclaim or cross-claim, is not the same as a motion to dismiss; therefore this committee note has no bearing on Plaintiffs' right to amend after a motion to dismiss is filed.

an SAC or TAC without leave of the Court or a stipulation from the parties.

The Court made note of Plaintiff's misunderstanding of Rule 15 at ECF No. 49, where it reminded the parties that "Federal Rule of Civil Procedure 15(a)(1) permits a party to amend its initial complaint 'once as a matter of course.' Any subsequent amendments require 'the opposing party's written consent or the court's leave.'"

Plaintiffs subsequently filed a motion for leave to file a TAC on March 3, 2026. ECF No. 51. In that motion, and in spite of the Court's ruling at ECF No. 49, Plaintiffs continued to insist that they were "entitled to amend the SAC as a matter of course." Notably, Plaintiffs' motion does not cite to a single case in support of their interpretation of Rule 15. In addition for leave, Plaintiffs also sought a two-week extension to oppose 232's motion.

Shortly after Plaintiffs filed their motion, the Court issued the following Order setting forth its thinking:

> The Court has reviewed the recent filings in this case. Currently pending before the Court are, among other things, (1) Defendant 232's ripe motion to dismiss the second amended complaint and (2) Plaintiffs' motion for leave to file a third amended complaint or, in the alternative, a motion for leave to file an untimely opposition to 232's motion. See ECF Nos. 40 , 51. The Court finds that Plaintiffs' failure to comply with Federal Rule of Procedure 15 has created the current procedural complication between the parties. That said, the Court is not inclined, prior to ruling on the substance of any motion to dismiss, to bar Plaintiffs from amending the complaint. Accordingly, the parties are ORDERED to meet and confer regarding next steps for this case. The Court SETS an in-person case management conference for March 19, 2026, at 2:00 p.m.

ECF No. 56.

At the hearing that followed, the Court reiterated its intent to allow Plaintiffs to file the TAC, but prohibited Plaintiffs from further amendment as to any of the currently named Defendants. Further, because the case was already more than six months old, and Defendants' February 9, 2026 motion to dismiss was already set for hearing in May, the Court determined it would substantially stand on the existing briefing, or lack thereof. The Court granted 232 leave to file a five-page supplement to its motion to dismiss to address any new allegations from the TAC. The Court explained that although Plaintiffs had waived their right to oppose Defendants' motion to dismiss when they unilaterally elected to file a notice of intent to file a TAC instead of filing an

United States District Court
Northern District of California

3

substantive opposition, the Court nevertheless granted Plaintiffs leave to file a five-page response, and 232 a three-page reply. *See Chico v. Wells Fargo Bank, N.A.*, No. 20-CV-01963-PJH, 2020 WL 2494506, at *1 (N.D. Cal. May 14, 2020), ("[A] party's failure to oppose a motion to dismiss is also grounds for dismissal."); *Feinberg-Tomahawk v. City & Cty. of San Francisco*, No. 14-CV-02275-JD, 2014 WL 3752031, at *1 (N.D. Cal. July 29, 2014) (same).

At several points in the hearing, counsel for Plaintiffs argued that the Court should permit them to file the full substantive opposition that Plaintiffs, for whatever reason, elected not to timely file in the first instance. Instead of offering any contrition to Defendants or the Court for the time or other costs that Plaintiffs' ill-founded approach caused, Plaintiffs instead chose to blame opposing counsel for failing to stipulate to Plaintiffs filing a TAC after Defendants had filed their motion to dismiss.

The Rules of Civil Procedure exist for the efficient and just adjudication of civil actions. Plaintiffs unapologetically and without explanation failed to follow those rules. Despite that failure, the Court exercises its discretion and grants Plaintiffs leave to file their TAC.

## I.   CONCLUSION

As set forth on the record of the hearing on March 19, 2026, and as further explained above, the Court Orders:

- Plaintiffs' motion at ECF No. 51 is GRANTED IN PART AND DENIED IN PART. The Court GRANTS Plaintiffs leave to file their TAC and DENIES Plaintiffs' request to file an untimely opposition to 232's motion to dismiss.[3]

- As a supplement to 232's motion to dismiss the SAC, by no later than March 27, 2026, 232 may file a brief of no more than five pages addressing new allegations in the TAC.

- By no later than April 3, 2026, Plaintiff may file an opposition (not to exceed five pages) to 232's brief.

- 232 may file reply of no more than three pages by no later than April 10, 2026.

---

[3] The Court also ordered Plaintiffs to file the TAC by no later than March 20, 2026. Plaintiffs have done so. *See* ECF No. 70.

- The hearing on May 13, 2026 remains set as previously scheduled.

- This order resolves the motions at ECF Nos. 51 and 53.

- Nothing in this Order prevents Defendants from seeking sanctions as a result of Plaintiffs' conduct.

**IT IS SO ORDERED.**

Dated: March 25, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California