UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELTA ECOMMERCE LLC, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>TEJEDA INC., et al.,<br><br>Defendants. | Case No. 25-cv-07069-NW<br><br>**ORDER DENYING PLAINTIFFS' MOTION TO STRIKE; DENYING AS MOOT MOTION FOR RELIEF; SETTING NEW BRIEFING SCHEDULE**<br><br>Re: ECF No. 76, 79 |

This Order addresses Plaintiffs Delta Ecommerce LLC d/b/a Sky & Sol and Max Medroso's (collectively, "Plaintiffs") motion to strike filed on March 30, 2026, and the associated request for relief from the Court's scheduling Order pending the resolution of that motion. ECF Nos. 76, 79.

Plaintiffs' motions follow this Court's finding that Plaintiffs failed to follow the Federal Rules of Civil Procedure. *See* ECF No. 75 (recounting Plaintiffs' conduct through the filing of their motion). In the motion to strike, Plaintiffs allege that Defendant 232 Technologies Inc. ("232") likewise did not follow Court rules (here the local rules to the Northern District of California) when Tyler Dowdall, a California barred attorney without specific admission to the Northern District of California, filed 232's motion to dismiss and reply. ECF No. 76, 79. At the Court's request, ECF No. 78, 232 filed a response to Plaintiffs' allegations, explaining that the issue was an inadvertent error and that Mr. Dowdall moved immediately to rectify the situation as soon as it came to his attention. Indeed, Mr. Dowdall became a member of this bar on March 20, 2026, the day after he learned of his non-admission. ECF No. 80.

It is true that in signing and filing 232's motion and reply, Mr. Dowdall contravened Court rules. *See* L.R. 11-1(a) ("[A]n attorney must be a member of the bar of this Court to practice in

this Court.")  That said, nothing in the Court's local rules *requires* the Court to strike 232's motion or reply on that basis.  Given the circumstances, counsel's genuine contrition, and the attempt to immediately cure the deficiency, the Court refuses to strike Mr. Dowdall's filings.  *See also* ECF No. 79 (acknowledging it is within the Court's discretion whether to strike a filing).  Plaintiffs' motion to strike is DENIED.

Instead of accepting responsibility and turning to the merits, Plaintiffs have again attempted to avoid the consequences of their own actions.  The Court, like 232, sees Plaintiffs motion as an attempt to take advantage of 232's inadvertent error "to get a re-do on their decisions not to timely oppose 232's Motion to Dismiss or to address the deficiencies in their Motion to Amend."  ECF No. 80 at 2.  Nevertheless, and solely because 232 indicated it had no objection to the following, the Court VACATES the supplemental briefing deadline and GRANTS Delta the right to file a 25-page substantive opposition to 232's motion to dismiss, ECF No. 40, and supplemental brief, ECF No. 77, by no later than close of business on April 10, 2026.[1]  Any reply shall be no more than 15 pages and shall be filed no later than close of business on April 17, 2026.

**IT IS SO ORDERED.**

Dated: March 31, 2026

Noël Wise
United States District Judge

United States District Court
Northern District of California

---

[1] Because this Order modifies the briefing schedule challenged in the motion for relief at ECF No. 76, that motion is DENIED AS MOOT.

2