UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DELTA ECOMMERCE LLC, et al.,

Plaintiffs,

v.

TEJEDA INC., et al.,

Defendants.

Case No. 25-cv-07069-NW

**ORDER GRANTING MOTION TO DISMISS WITH PREJUDICE**

Re: ECF Nos. 40,

Before the Court is Defendant 232 Technologies Inc. ("232") motion to dismiss Plaintiffs Delta Ecommerce LLC D/B/A Sky & Sol ("Delta") and Max Medroso's (collectively "Plaintiffs") Second Amended Complaint (ECF No. 19, "SAC") pursuant to Rules 12(b)(2), 12(b)(3) and 12(b)(6).  Because the Court finds that Plaintiffs have failed to state a claim against 232, the Court GRANTS 232's motion WITH PREJUDICE.

I.      **BACKGROUND**[1]

Delta sells "premier sunscreen and skin care products" under the brand name SKY & SOL.[2]  In June 2025, Johny Sharma, a truck driver Delta engaged to transport products to retail partners, absconded with a truck carrying $4,000,000 worth of SKY & SOL brand products.  Shortly thereafter, Defendant Tejeda Inc. acquired those products and began to sell them to retailers at prices far below wholesale.  Those retailers in turn would sell the stolen products to consumers at prices far below retail.

Plaintiffs filed this action on August 20, 2025 alleging eleven causes of action under a

---

[1] Because the Court has had occasion to recount the complicated procedural history of this action in detail, *see* ECF Nos. 75, 81, the Court does not repeat that background here except as relevant.

[2] The factual allegations are drawn from the TAC.  ECF No. 70.

variety of statutes including the Lanham Act, 15 U.S.C. § 1125(a), the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1962(c), 1962(d), 1964(c), and California Penal Code § 496. The seventeen defendants in this action fall into two categories. The first is the "core" members of the illegal enterprise that arose regarding the stolen products, specifically (1) the truck driver Sharma; (2) Tejeda Inc., the company that accepted and resold the stolen products, and (3) Tejeda, Inc.'s founder, Leonel Tejeda. The second category is the downstream retailers that sold the stolen goods, *i.e.*, members of the alleged overarching enterprise.[3] According to Plaintiffs, "[t]he Enterprise's purpose was to obtain, traffic in, and resell stolen SKY & SOL products for profit, and to conceal the unlawful nature of those sales from Amazon, consumers, law enforcement, and Plaintiffs." TAC ¶ 20.

On November 21, 2025, Plaintiffs filed their second amended complaint ("SAC"), which included 232 as a Defendant for the first time. ECF No. 19. 232 timely moved to dismiss the SAC, but Plaintiffs did not timely submit a substantive opposition. Instead, Plaintiffs moved for leave to file a third amended complaint ("TAC"), which Plaintiffs maintained addressed the deficiencies raised in 232's motion to dismiss. The Court granted Plaintiffs' request and the TAC became the operative complaint; nevertheless, given the TAC's similarity to the SAC, the Court informed 232 that it would accept and rule on the ripe motion to dismiss the SAC as though it was brought to dismiss the TAC. In addition, the Court authorized 232 to file a five page supplement addressing the modest differences between the two complaints. *See* ECF No. 75. Plaintiffs ultimately received leave from the Court to file an untimely opposition to the original motion and the supplement. *See* ECF Nos. 85, 86; *see also* ECF No. 81 (authorizing Plaintiffs to file a substantive opposition to 232's motion and supplement despite the deadline having long passed).

## II.    LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A

---

[3] Because Plaintiffs do not indicate which claims are brought against which Defendants, the Court presumes that Plaintiffs intend to sue all Defendants on all causes of action.

United States District Court
Northern District of California

defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008).

To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the plausibility of a complaint, courts "accept factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

## III.    DISCUSSION

232 advances numerous reasons why the Court should dismiss all claims against it based Rules 12(b)(2), 12(b)(3), and 12(b)(6). Because it is clear from the face of the complaint that the TAC fails to state a claim against 232, the Court only addresses that argument.

As best the Court can glean from Plaintiffs' limited and general allegations within the TAC, 232's purported liability stems from its sale of stolen SKY & SOL products on Target.com. Specifically, Plaintiffs alleged that 232 knew or should have known that it was selling stolen products because it "paid well below the wholesale price for the products." TAC ¶ 26. But critically, the TAC does not make a single allegation about how much 232 paid for the products it later sold. Plaintiffs imply that 232 knowingly bought and sold stolen SKY & SOL products based solely on the below-wholesale price of the SKY & SOL sunscreen 232 listed on Target.com. According to Plaintiffs, the listing shows that 232 "sold a two-pack of SKY & SOL sunscreen for $26.99 at retail on Target.com[], a price below their wholesale price" of approximately $32. *See*

United States District Court
Northern District of California

3

*Id.* ¶ 23 ("[T]he typical wholesale price for the SKY & SOL sunscreen is $16."). It somehow follows, according to Plaintiffs, that 232 was a member of the alleged RICO conspiracy that aimed to "obtain, traffic in, and resell stolen SKY & SOL products for profit, and to conceal the unlawful nature of those sales from Amazon, consumers, law enforcement, and Plaintiffs." *Id.* ¶ 20.

Plaintiffs ask the Court to accept a narrative that the TAC simply does not tell. 232's supposed involvement is based on just two pieces of evidence: (1) that bad actors stole Plaintiffs' products and sold them at a discount to retailers, and (2) that 232, which was not an authorized reseller of Plaintiffs' products, subsequently listed one of Plaintiffs' products on Target.com for a retail price lower than the wholesale price. TAC ¶¶ 25-26, 80-81. Even if both those premises are true, they are insufficient on their own to allow the Court to infer that 232 was a member of a much larger racketeering enterprise. The TAC does not allege that 232 communicated or coordinated with the entities that formed the "core of the Enterprise," namely Tejeda Inc., Leonel Tejeda, and Sharma, nor does it allege that 232 acquired from them the SKY & SOL products it sold on Target.com. Plaintiffs do not even allege that the products 232 listed and presumably sold were from the batch stolen by Sharma.

Regardless, using Plaintiffs' own pleading, it appears the allegation about 232 is factually incorrect. The exhibit Plaintiffs attached to the complaint as evidence of 232's criminally low sales price shows that 232 *did not* list the product below wholesale. *See* TAC, Ex. I, ECF No. 70 at 112; *see also Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010) (affirming court that credited complaint exhibits over the allegations in the complaint itself where they contradicted). 232's listing was for a one pack of SKY & SOL sunscreen at $26.99 rather than a two pack. As noted above, the typical wholesale price for the SKY & SOL sunscreen is $16 — meaning Plaintiffs' own "evidence" shows that 232's sales price was more than $10 above the typical wholesale price.[4]

With that, Plaintiff's evidence, tying 232 to the alleged enterprise, evaporates. Plaintiffs'

---

[4] In the screenshot, the selected size in the listing is "1pk," *i.e.*, one pack of sunscreen. While 232 appears to have sold (or at least listed) a "2pk" version of the product as a single item, the screenshot does not show how much 232 sold it for.

only remaining specific allegation about 232 in the TAC is that 232 was selling SKY & SOL products even though it was not an authorized reseller. *See* TAC ¶¶ 81-82. That fact alone is certainly not sufficient to tie 232 to any criminal enterprise, let alone the specific one alleged here. Consequently, Plaintiffs fail to state any claim against 232 under Rule 12(b)(6), and the Court GRANTS 232's motion to dismiss.

The final decision before the Court is whether it should grant Plaintiffs leave to amend. The TAC reflects amendments Plaintiffs made specifically in response to the instant motion to dismiss. And yet, the TAC fails to provide anything substantive that plausibly connects 232 to any other Defendant. Given that Plaintiffs have already amended their complaint three times, the Court concludes Plaintiffs failed to allege additional facts to support its claims against 232 because they were unable to do so. The Court therefore finds that further amendment would be futile. As a result, the Court GRANTS 232's motion WITH PREJUDICE.

**IT IS SO ORDERED.**

Dated: June 8, 2026

Noël Wise
United States District Judge